1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                 )    No. CV06-1766-PHX-DGC
                                                )
10              Plaintiff,                       )    **ORDER**
                                                )
11   vs.                                        )
                                                )
12   $32,000 in U.S. Currency,                  )
                                                )
13              Defendant.                       )
                                                )
14   and Regarding the Interest, if any, of     )
     Edward Leflore.                            )
15   _____      )

16

17          The Government has filed a motion to stay judgment and a motion to alter or amend

18   judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. ##18, 19. The Court will

19   deny the motions.

20          Relief may be granted under Rule 59(e) if the Court "(1) is presented with newly

21   discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

22   or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah*

23   *County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation and internal

24   quotation marks omitted). The Government presents no newly discovered evidence, does not

25   argue that the Court's decision was manifestly unjust, and does not identify an intervening

26   change in controlling law. The Government's motion essentially argues that the Court

27   committed clear error in granting summary judgment to Claimant Edward Leflore. The

28   Court will address each of the Government's arguments.

1

## 1.    Summary Judgment Standard.

2      The Government first argues that Claimant did not satisfy his initial burden of

3  "identifying those portions of the pleadings, depositions, answers to interrogatories, and

4  admissions on file . . . which it believes demonstrate the absence of a genuine issue of

5  material fact." Dkt. #19 at 2 (citing *Celotex v. Corp. v. Catrett*, 477 U.S. 317, 323 (1986)

6  (quotations omitted)).  While it is true that Claimant's pro se motion was less than artful, the

7  Court did not err in construing the motion liberally to assert that the Government could not

8  meet its burden of proof in this case.  Such an assertion constitutes a proper basis for

9  summary judgment. *See Celotex*, 477 U.S. at 317.  The Government construed the motion

10  in the same way, as it went to some length to set forth the evidence in its favor. Dkt. #15.

11

## 2.    Need for Discovery.

12      The Government suggests that Claimant's motion was filed before adequate discovery

13  had been conducted.  Dkt. #19 at 3 n.2.  Rule 56(e) provides a clear mechanism for the

14  Government to raise this issue and seek additional time for discovery, but the Government

15  never did so. *See* Dkt. #15.  Motions under Rule 59(e) are not the place for parties to assert

16  arguments that could have been made, but were not made, in their original briefs. *See*

17  *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

18

## 3.    Burden of Proof.

19      The Government argues that "[a]lthough [it] was not the moving party, the Court

20  nonetheless held the Government to the burden of preponderance of the evidence, which

21  would [only] have been appropriate if it were the moving party or if the matter had proceeded

22  to trial." Dkt. #19 at 1-2.  The Government suggests that it is subject to a lower burden at

23  the summary judgment stage – that it must do nothing more than create a question of fact and

24  need not present evidence sufficient to satisfy its preponderance-of-the-evidence burden. *Id.*

25  at 4-6. For reasons clearly explained by the Supreme Court, the Government is wrong:

26      [T]he inquiry involved in a ruling on a motion for summary judgment or for
       a directed verdict necessarily implicates the substantive evidentiary standard
27      of proof that would apply at the trial on the merits. If the defendant in a run-
       of-the-mill case moves for summary judgment or for a directed verdict based
28      on the lack of proof of a material fact, the judge must ask himself not whether

1
2
3
4

he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  *The judge's inquiry, therefore, unavoidably asks whether reasonable jurors would find by a preponderance of the evidence that the plaintiff is entitled to a verdict*[.]

5
6
7
8
9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis added).  This is the standard applied by the Court in its previous ruling.  The Court concluded that the evidence presented by the Government would not enable reasonable jurors to find by a preponderance of the evidence that the Government was entitled to a verdict in this case.  Dkt. #16.

### 4.      Substantial Connection.

10
11
12
13
14
15
16
17
18
19
20

The Government argues that the Court erred in applying the "substantial connection" test to the seized money.  The Court relied on the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") for the relevant forfeiture standard.  Dkt. #16 at 3.  That statute provides that when the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense."  18 U.S.C. § 983(c)(3).  Citing a different statute, the Government now argues that when money is seized as "proceeds" of a drug offense, the Government "is required to show only a nexus between the property and the offense, not a 'substantial connection.'"  Dkt. #19 at 4 (citing 21 U.S.C. § 881(c)(6)).

21
22
23
24
25

This argument is new.  The Government did not cite 21 U.S.C. § 881(c)(6) in response to Claimant's motion and did not argue that a mere nexus must be proved.  The Government, like the Court, cited CAFRA.  *See* Dkt. #15 at 4.  As already noted, motions for reconsideration are not the place for parties to assert arguments not raised in their original briefs.  *Northwest Acceptance Corp.*, 841 F.2d at 925-26.

26
27
28

Some courts have held that the "substantial connection" standard applies to the forfeiture of proceeds under 18 U.S.C. § 881(c)(6).  *See, e.g., United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 501 (8th Cir. 2004).  Such a conclusion comports with the

1    language of CAFRA.  Proceeds from drug trafficking certainly are used to "commit or

2    facilitate the commission of" drug offenses or are "involved in the commission of a criminal

3    offense" as required by 18 U.S.C. § 983(c)(3).  The Government has not cited, and the Court

4    has not found, Ninth Circuit law supporting the Government's position.

5         Cases in the Ninth Circuit suggest that the substantial connection test applies to

6    proceeds cases.  *See, e.g.*, *United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1187 (9th

7    Cir. 1995) (applying substantial connection test in the context of the lower probable cause

8    standard used before passage of CAFRA);  *United States v. $493,850.00 in U.S. Currency*,

9    No. Civ. 03-2345 PHX VAM, 2006 WL 163570 at *8 (D. Ariz. Jan. 23, 2006).   The

10   Government cites cases that reach a contrary conclusion.  *See United States v. $21,000 in

11   U.S. Postal Money Orders*, 298 F.Supp.2d 597, 602 (E.D. Mich. 2003); *United States v.

12   $10,700 in U.S. Currency*, 258 F.3d 215, 222 n. 4 (3d Cir. 2001).  The Court concludes that

13   it need not resolve this issue, however, because it was not raised by the Government in

14   briefing on Claimant's motion. *Northwest Acceptance Corp.*, 841 F.2d at 925-26.

15        Moreover, even if the substantial connection test does not apply to drug proceeds, the

16   Court's grant of summary judgment was proper.  The burden would remain on the

17   Government to establish by a preponderance of the evidence that Claimant's money was

18   "furnished or intended to be furnished . . . in exchange for a controlled substance [.]"  18

19   U.S.C. § 881(a)(6).  For reasons explained in the Court's order, the Government did not

20   present evidence sufficient for a reasonable jury to find that the $32,000 was purchase money

21   for, or proceeds from, a drug sale.  Dkt. #16.

22        **5.    Incorrect Case Description.**

23        The Government argues that the Court's reliance on *United States v. $49,576.00 U.S.

24   Currency*, 116 F.3d 425 (9th Cir. 1997), was misplaced because the Court erred in describing

25   the case's procedural history.  The Court analogized the facts of this case to those of

26   *$49,576.00*, stating that the Ninth Circuit "not only reversed the district court's grant of

27   summary judgment to the Government, but concluded that 'the government failed to produce

28   sufficient evidence' to support the forfeiture."  Dkt. #16 at 9.  The Government's present

1   motion correctly notes that the Ninth Circuit's reversal in *$49,576.00* came after a bench trial

2   ruling for the Government, not after a grant of summary judgment.  Dkt. #19 at 7.   The

3   Government suggests that the evidence in *$49,576.00* must therefore "have been sufficient

4   to defeat the claimant's motion for summary judgment" and that the evidence in this case

5   should do so as well.  *Id*.  The Court disagrees.  By reversing the district court's order of

6   forfeiture following a bench trial, the Ninth Circuit necessarily found that the evidence was

7   not sufficient to satisfy the Government's burden of proof – precisely the  ruling this Court

8   made in granting Claimant's motion for summary judgment.  By holding that analogous

9   evidence is not sufficient to meet the Government's burden, *$49,576.00* squarely supports

10  the Court's grant of summary judgment to Claimant.

11          **6.       Weighing of Evidence.**

12          The Government argues that the Court improperly weighed evidence and drew

13  inferences reserved for the fact-finder.  Dkt. #19 at 9.  The Government takes issue with the

14  Court's determination that the Government had not produced evidence showing that

15  (1) Claimant's proffered explanation for the money was not true; (2) Claimant had five

16  children to support and therefore could not possibly have $32,000 in cash; and (3) Claimant

17  lied when he told authorities that he kept the money at home instead of at a bank.  Dkt. #19

18  at 10.  The Court was not, as the Government asserts, "drawing every inference in the

19  moving party's favor."  *Id*.  Rather, the Court determined that the inferences the Government

20  would have the Court draw were not "legitimate" or "justifiable" as required by *Anderson*,

21  477 U.S. at 255, because there were no underlying facts that would support the drawing of

22  these inferences.

23          The Court's decision does not imply that there was no dispute regarding the source

24  of the $32,000.  But after examining every piece of evidence listed by the Government in

25  support of its position, and after thoroughly analyzing cases that have defined what evidence

26  is necessary to meet the Government's burden of proof, the Court concluded that the

27  evidence presented by the Government was not sufficient for a reasonable jury to find in its

28  favor.

1

**7.      Dog Alert.**

2        The Government argues that the Court erred by according the non-sophisticated dog

3   alert minimal weight.  Dkt. #19 at 10.  As noted in the Court's previous order, however, non-

4   sophisticated dog alerts are of little probative value under Ninth Circuit law.  *See United*

5   *States v. Currency, U.S., $42,500*, 283 F.3d 977, 982 (9th Cir. 2002); *United States v.*

6   *$22,474 in U.S. Currency*, 246 F.3d 1212, 1216 (9th Cir. 2001); *$49,576.00 U.S. Currency*,

7   116 F.3d at 427; *United States v. U.S. Currency, $30,060.00*, 39 F.3d 1039, 1042 (9th Cir.

8   1994); *In re $80,045.00 in U.S. Currency*, No. CV-04-1693-PHX-DGC (D. Ariz. Mar. 3,

9   2005),  *aff'd*, 161 Fed.Appx. 670 (9th Cir. 2006) (memorandum disposition).

10        The Government did not present evidence that the dog alert in this case was

11   sophisticated, and does not now claim that it could do so.  The Government instead implies

12   that a non-sophisticated dog alert is entitled to greater weight than the Court allowed – a

13   position at odds with current Ninth Circuit law – and suggests that it could present evidence

14   concerning the dog's training and qualifications.  If that evidence would show that the dog

15   alert in this case was sophisticated, it should have been presented during briefing on the

16   summary judgment motion and cannot support reconsideration now.  *See Northwest*

17   *Acceptance Corp.*, 841 F.2d at 925-26.   If the evidence would prove only that the dog alert

18   was non-sophisticated, even if well trained, it would not alter the balance of the evidence.

19

**8.      Evidence of Drug Use.**

20        Finally, the Government argues that the Court "appears to have considered only the

21   Claimant's admission of personal use of drugs, rather than both the use of drugs, and the

22   defendant's [sic] prior conviction for possession of marijuana."  Dkt. #19 at 11 (quoting Dkt.

23   #16 at 7).  The Court fully considered Claimant's drug conviction.  *See* Dkt. #16 at 7.

24

25

26

27

28

1

**IT IS ORDERED:**

2      1.      Plaintiff's motion to alter or amend judgment (Dkt. #19) is **denied**.

3      2.      Plaintiff's motion to stay judgment (Dkt. #18) is **denied**.

4      DATED this 24th day of May, 2007.

5

6

7      _____

David G. Campbell
8                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28